IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY LENDALL, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>CHASE MANHATTAN MORTGAGE CORPORATION, a New Jersey corporation, and DOES 1 through 10, inclusive,<br><br>  Defendants.<br>_____/ | No. C 05-03295 WHA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR JURY TRIAL AND VACATING HEARING** |

### INTRODUCTION

In this diversity action for breach of contract and fraud, plaintiff Nancy Lendall moves for a jury trial pursuant to FRCP 81(c). Plaintiff failed to make this request in a timely fashion and has therefore waived her right to a jury trial. Plaintiff's motion is **DENIED**.

### STATEMENT

Plaintiff was a retail-loan officer for defendant Chase Manhattan Mortgage Company. On June 13, 2005, plaintiff sued Chase in Superior Court of the State of California for the County of Contra Costa. Her complaint contained causes of actions for breach of contract and fraud. There was no mention in the complaint of a jury trial.

On August 16, 2005, defendant removed this matter to federal court. Months passed and plaintiff made no demand for a jury trial. On December 14, 2005, eight days prior to the initial case management conference, counsel for both parties met. At this meeting, plaintiff's counsel apparently was alerted of a possible waiver of plaintiff's right to a jury trial due to failure to comply with the time limits in FRCP 81(c). The following day, nearly four months after removal, plaintiff filed the instant motion to have this matter tried before a jury.

**ANALYSIS**

Waiver of the right to a jury trial is governed by FRCP 38(d), which dictates that the "failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury." FRCP 39(b) offers possible relief for a delinquent party, providing that "notwithstanding the failure . . . the court in its discretion upon motion may order a trial by a jury of any and all issues."

The deadline for a jury-trial demand in FRCP 38 is modified in the context of removal cases by FRCP 81(c), which provides that "a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served . . . within 10 days after service on the party of the notice of filing of the petition." This rule further "provides two possible avenues around waiver in removal cases." *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1063 (9th Cir. 2005). First, a party is "entitled to a federal jury trial had she made a proper jury request under state law before the case was removed." *Ibid*. Second, a party "would not have had to request a jury trial after removal if her state complaint already contained a jury demand that would have satisfied." *Id*. at 1064.

Plaintiff admittedly did not comply with the ten-day rule in FRCP 81(c), having filed the instant motion nearly four months after removal. As to the first exception, plaintiff did not make a proper request under state law before removal. Plaintiff explains that California law does not require a jury demand until a case is set for trial, which this matter never was. This point is inapposite. The application of the first exception is straightforward. If plaintiff did not make a demand in state court then she cannot rely on the exception.

Plaintiff also cannot satisfy the second exception under FRCP 81(c), as her complaint itself did not contain a jury demand. It is true that courts must "'indulge every reasonable presumption against waiver' of the jury trial right." *Lutz*, 403 F.3d at 1064 (*quoting First Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937)). This presumption permits courts in certain instances to decipher a jury request from a pleading where no separately-captioned demand is made but where the body of the pleading refers to a jury trial. *Ibid*. Nevertheless, "[w]hat we do insist on is that the jury demand be sufficiently clear to alert a careful reader that a jury trial is requested on an issue." *Ibid*. Here, plaintiff's complaint makes *no* mention of a jury. No demand for a jury trial, therefore, may be gleaned from the complaint. Plaintiff has waived her right to trial by jury.

As noted above, FRCP 39(b) grants courts the discretion to provide relief from waiver of the right to a jury to a delinquent party. Our circuit has made clear, however, that the discretion under this rule is very limited. *See Pac. Fisheries Corp. v. H.I.H. Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001), *cert. denied*, 534 U.S. 944 (2001). In the context of a non-removal case, the *Pac. Fisheries* opinion held that courts may not "grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Ibid*. In another non-removal case, the circuit's opinion found that even a "good faith mistake as to the deadline for demanding a jury trial establishes no more than inadvertence, which is not a sufficient basis to grant relief from an untimely jury demand." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiff's counsel's attempt to avoid waiver by falling on his sword is, therefore, unavailing. Plaintiff's counsel asserts that he mistakenly believed that no demand for a jury trial was necessary until plaintiff's first federal pleading was filed. Plaintiff provides no authority from our circuit suggesting that the standards applicable to FRCP 39(b) differ in the context of removal cases. Instead, plaintiff merely points to one opinion from another district finding that untimeliness, where not prejudicial, should be tolerated. *Johnson v. Dalton*, 57 F. Supp. 2d 958, 960 (C.D. Cal. 1999). The *Johnson* court admitted, however, that it was so ruling "[d]espite suggestions in Ninth Circuit opinions that the Court does not have discretion." *Ibid*.

3

As articulated in the opinions cited above, the rule of limited discretion under FRCP 39(b) is not a mere "suggestion" by our circuit. This order will not depart from the weight of this authority. Our circuit has left no doubt that an oversight such as plaintiff's counsel made does not justify relief from waiver.[*]

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for a jury trial is **DENIED**. Finding further argument unnecessary, the hearing on this motion is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: January 19, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[*] Plaintiff also tries to rely on FRCP 6(b), a general provision allowing enlargement of time for acts required by the rules, as the governing standard for her motion. The rules, however, provide the more specific provision for granting relief from waiver of trial by jury in FRCP 39(b). A delinquent party, therefore, must seek relief from waiver under FRCP 39(b).

4